SMITH *v.* DETROIT UNITED RAILWAY.

CARRIERS — STREET RAILROADS — TAKING UP PASSENGERS — CARE
REQUIRED.

    In an action against a street-railroad company for injuries to
    a passenger by starting the car while she was attempting to
    board it, following another passenger for whom the car had
    been stopped, an instruction that assumes that the conduc-
    tor, when he started the car, was not bound to use any care
    to determine whether he would thereby endanger the safety
    of persons intending to become passengers, is properly re-
    fused.

Error to Wayne; Rohnert, J.   Submitted February 27,
1906.   (Docket No. 197.)   Decided September 20, 1906.

Case by Harriet Smith against the Detroit United Rail-
way for personal injuries.   There was judgment for plain-
tiff, and defendant brings error.   Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*James H. Pound*, for appellee.

McALVAY, J.   Plaintiff sued for injuries received while
boarding a car of defendant company January 3, 1903.
Defendant was charged with negligently starting the car
while plaintiff was in the act of getting on.   At 5:40
o'clock in the morning of the day in question, before day-
light, plaintiff, intending to go to her work at the city hall,
where she was employed as assistant janitress, on the cor-
ner of Canfield and Trumbull avenues, in the city of De-
troit, signaled a car going south.   A man named Pender-
grast was also at this place to take this car.   The car
overran the crossing and came to a stop some distance
away.   These parties ran to it.   In getting on plaintiff
claims she was injured by the sudden starting of the car

after she had put her foot on the step, having hold of the rear stanchion of the platform; that the jerk threw her around with her back against the end of the platform, straining her arm and hurting her back, and that she was dragged with her right foot on the pavement for a considerable distance. This was a closed car, with a door in the middle on the side and a rear door. The conductor was inside at or beyond the middle of the car. Pendergrast got on the front end of the platform. Plaintiff was getting on at the rear end of the platform. It is not disputed but that the conductor saw Pendergrast, and, when he saw that he was on, gave two bells to start the car. The signal was obeyed by the motorman, and this starting is claimed by plaintiff to have caused the injury. On the part of the plaintiff and her witness, Pendergrast, the testimony tended to show that she was on the step with one foot and had hold of the stanchion at the same time, and when the car started she was thrown around with her back towards the rear of the car; that the conductor cried out to Pendergrast to catch her; that Pendergrast threw his arm around her and pulled her up on the platform; that the car moved some distance before it stopped.

On the part of defendant the conductor gave testimony tending to show that plaintiff caught up to the car after Pendergrast got on, and that he saw her immediately after he had given two bells, and at once gave a third, and the car moved no more than a foot or two, and it was stopped, when plaintiff got on, and that plaintiff was not thrown around by the jerking of the car and dragged along. He denies that he called out to Pendergrast to catch her, but admits that Pendergrast did assist her onto the platform. These are the only witnesses to the occurrence. The case was submitted to the jury, and a verdict returned for plaintiff.

We are asked by defendant to reverse the judgment entered upon the verdict on account of errors assigned on the refusal to give its second and third requests to charge. The second request is as follows:

"If you find that Mr. Murphy, the conductor, was in the car and standing in such a position that he could see any one getting upon the back platform when he rang two bells to go ahead, and that after that plaintiff ran up to the car, took hold of it, and attempted to board the car, and that the conductor saw the plaintiff as soon as she attempted to get on the car, and immediately rang to stop the car, and that there was nothing to lead the conductor to suppose that any one else would come up behind the car after Mr. Pendergrast got on, then I charge you that there has been no negligence shown on the part of defendant, and your verdict should be no cause of action."

The request was properly refused. It assumes that the street car conductor when he started the car was not bound to use any care whatever to determine whether he would thereby endanger the safety of persons intending to become passengers. We cannot say, as a matter of law, that he was not under such an obligation.

No other questions are discussed in the briefs.

The judgment of the court below is affirmed.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.